OPINION
Defendant-appellant, Frederick Ward, in a trial to the court, was convicted of one count of domestic violence, in violation of R.C. 2919.25(A), and found guilty of one count of assault, in violation of R.C. 2903.13(A). The incident giving rise to these charges occurred on June 14, 1999. Defendant's defense to the charge of domestic violence was that the complaining witness, Robin Chafin ("Chafin"), was not a "household or family member" as those words are defined in the domestic violence statute.
The complaint originally alleged Chafin to be "defendant's girlfriend." After defense counsel moved to dismiss the complaint, Chafin was characterized in the amended complaint as "defendant's live-in girlfriend." Defendant entered pleas of not guilty and a trial was held.
The state presented Chafin and two other witnesses, along with photographs depicting her injuries. At the close of the prosecution's case, defense counsel made a Crim.R. 29(A) motion for judgment of acquittal. That motion was denied. The defense then presented defendant and five other witnesses. At the close of the four-hour trial, defendant was found guilty of both offenses and a presentence investigation was ordered.
On the offense of domestic violence, defendant was sentenced to one year of probation and one hundred eighty days suspended jail time, less two days credit for time served. He was fined $100 plus costs. The court did not sentence defendant on the assault charge, finding that it was an allied offense of similar import. Defendant appeals from his conviction raising three assignments of error.
 I. The trial court verdict finding the defendant guilty of the offense of domestic violence Section 2919.25(A) Ohio Revised Code is against the manifest weight of the evidence when construed in light of the applicable law.
In order for a reviewing court to reverse the judgment of the trial court on the basis that it was entered against the manifest weight of the evidence, the court must examine the entire record; weigh the evidence and all reasonable inferences; consider the credibility of the witnesses; and determine that, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v.Thompkins (1997), 78 Ohio St.3d 380, 387.
According to the evidence presented at trial, in May 1999, defendant and Chafin began living together in defendant's apartment. Chafin testified that they were cohabiting, and her testimony was corroborated by another witness. The evidence further showed that Chafin did defendant's laundry, cleaned defendant's apartment, received at least some of her mail at defendant's apartment, and got money from defendant.
When defendant did not return to the apartment one evening in June 1999, Chafin suspected that defendant was with his former girlfriend and that suspicion was confirmed when she saw defendant's truck at the former girlfriend's home. Chafin spent the night at a friend's house.
The following day, defendant and Chafin spoke on the telephone and Chafin hung up on him. Thereafter, defendant came to the place Chafin was staying. An argument ensued between defendant and Chafin resulting in defendant grabbing her, slamming her up against a wall and punching her in the eye.
On June 14, 1999, defendant again appeared where Chafin was staying to talk with Chafin. He apologized and the two of them drove to defendant's place of business, an automobile garage. Chafin told defendant that she was pregnant and that she did not want to see him anymore. Defendant became angry and, when Chafin tried to leave, defendant knocked her to the ground.
Defendant again telephoned Chafin where she was staying, resulting in yet another argument. Shortly after that call, defendant appeared at Chafin's residence, continued the argument and slapped her. The owner physically removed defendant from the house and Chafin called the police. On that same day, Chafin filed criminal complaints charging defendant with domestic violence and assault for the incident occurring at the garage on June 14, 1999.
The foregoing provided the trial court with sufficient evidence to reasonably conclude that defendant was guilty of domestic violence, and we see no reason to conclude that the trial court lost its way in so concluding. Accordingly, the verdict of the trial court is not against the manifest weight of the evidence.
The first assignment of error is overruled.
 II. The trial court erred in find [sic] the defendant guilty of the offense of assault, Section 2903.13(A) Ohio Revised Code.
Defendant urges error in the trial court's finding of guilt on the charge of assault. During the sentencing phase of this proceeding, the trial court found the assault charge to be an allied offense of similar import with the offense of domestic violence. Thereafter, defendant was sentenced on the domestic violence offense only. It is apparent from a review of the record that the trial court intended the two offenses to be merged. Further indicative of this is the fact that the trial court did not impose a separate sentence for assault.
Defendant's second assignment of error is, therefore, overruled.
 III. The trial court erred in overruling the defendant's motion for judgment of acquittal, Criminal Rule 29 (A), made at the close of the prosecutions' case.
Defendant argues that there was insufficient evidence of cohabitation and, therefore, the trial court should have granted his Crim.R. 29 motion. We disagree.
Crim.R. 29(A) provides:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the * * * complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
The standard in ruling on a motion for judgment of acquittal is whether, after viewing the evidence in a light most favorable to the state, any rational trier of fact could find the essential elements of the crime proven beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259, 273.
R.C. 2919.25(A) provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." The statute then provides:
(E) As used in this section * * *:
 (1) "Family or household member" means any of the following:
 (a) Any of the following who is residing or has resided with the offender:
 (i) A spouse, a person living as a spouse, or a former spouse of the offender;
* * *
 (2) "Person living as a spouse" means a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question. [Emphasis added.]
In arguing that the state presented insufficient evidence of cohabitation, defendant focuses on Chafin's testimony a single statement that she and defendant "cohabited." Chafin used the word of the statute, i.e., "cohabiting," and did not explain further, nor was she asked to explain further, what she meant by "cohabiting." The defense was free to ask Chafin what she meant when she used that word or to otherwise challenge her use of that word, but it did not do so. Absent any evidence challenging the meaning of the word "cohabit" as used by Chafin, the word is given its common and ordinary meaning, i.e., an intimate or conjugal relationship. That said, Chafin's lone statement was not the only evidence of cohabitation before the trier of fact.
In State v. Williams (1997), 79 Ohio St.3d 459, 464, the Ohio Supreme Court held that domestic violence is an offense that arises out of the relationship of the defendant and the complainant rather than their exact living circumstances. The essential elements of cohabitation are: (1) sharing of familial or financial responsibility; and (2) consortium. See, also, Barclayv. Barclay (Dec. 11, 1997), Franklin App. No. 97APF07-902, unreported.
Here, the evidence showed that defendant and Chafin lived together as boyfriend and girlfriend, that Chafin kept her personal belongings at defendant's apartment, that Chafin received at least some of her mail at defendant's apartment, that Chafin went to defendant's place of employment to get money from defendant, that defendant provided shelter for Chafin, and that Chafin shared familial responsibilities by doing defendant's laundry and cleaning his apartment. While the length of time that defendant and Chafin lived together was probably no more than one month, when considered in conjunction with the other evidence offered, it was a sufficient amount of time to establish that Chafin and defendant cohabited for purposes of R.C. 2919.25
(E)(2).
Defendant's third assignment of error is overruled.
For the foregoing reasons, defendant's three assignments of error are overruled and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
 _______________ GEORGE, J.
DESHLER and KENNEDY, JJ., concur.
GEORGE, J., retired, of the Ninth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.